GEORGE H. HEATHCOTE *et al., vs.* MARGARET BARBOUR.

JULY 8, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Probate Appeal.   Wills.   Best Evidence.*

In an appeal from a decree of a probate court admitting a will to probate where appellee endeavored to establish that testatrix was dissatisfied with the management by appellant of his father's estate, in order to explain certain provisions of the will, appellant was properly permitted to show facts in relation to his settlement and distribution of the estate of his father, although no order of distribution had been entered by the probate court.

*(2)   Probate Appeal.   Special Findings.*

Reasons of appeal from the probate of a will upon which the appeal was tried, included as one ground that the will was procured to be made by undue influence upon testatrix by X by Y by Z, and others.   At the trial appellee requested a special finding on the question by whom such undue influence was exerted, which was denied.   The jury found specially that testatrix was unduly influenced.

*Held,* that the special finding requested should have been submitted to the jury, but in view of the fact that the jury also found that testatrix did not have testamentary capacity, the refusal did not constitute reversible error.

PROBATE APPEAL.   Heard on exceptions of appellee and overruled.

SWEETLAND, J.   This cause is an appeal from the decree of the municipal court of the city of Providence admitting to probate a certain instrument in writing as the last will and testament of Jane Heathcote, late of Providence, deceased.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in the verdict that said

instrument in writing is not the last will and testament of the said Jane Heathcote. The jury also found specially 1, that Jane Heathcote was unduly influenced when she executed said instrument; and 2, that Jane Heathcote did not have testamentary capacity when she executed said instrument.

The appellee duly filed her motion for a new trial which was denied by said justice. The case is before us upon the appellee's exception to the decision of said justice upon her motion for a new trial and also upon certain exceptions taken by the appellee to rulings of said justice made in the course of the trial upon which she now relies.

The appellee excepted to the ruling of said justice admitting certain testimony offered by the appellants which the appellee claims should have been excluded on the ground that such testimony was not the best evidence of the facts which the appellants sought to establish.

Jane Heathcote had survived her husband, John Heathcote, and their son, George H. Heathcote, was the administrator of his father's estate. The appellee endeavored to establish that the testatrix was dissatisfied with the conduct of George in the management of his father's estate, and that said dissatisfaction was a reasonable explanation of certain of the provisions of his mother's will, of which George complained. To meet this claim of the appellee the appellants introduced testimony tending to show that the conduct of George could (1) not be justly criticised. Upon this line of testimony the court permitted George H. Heathcote to be asked if he distributed the estate of his father to his mother and sister, also if certain shares of stock appearing in his mother's estate had come to her from her husband's estate; and also permitted the appellants to introduce in evidence a pass book showing a deposit in the Phenix National Bank, which deposit the appellants claimed represented the amount due to his mother and sister from John Heathcote's estate, and which George H. Heathcote had made as a special deposit for the purpose of settling the estate of his father. The

appellee did not object to either of these questions on the
ground that they were leading in form, but because they did
not call for the best evidence of those facts. The claim of
the appellee is that those facts could only be shown by the
record of an order of distribution made in the probate
court. It had appeared in evidence that no such order had
been entered and the appellee contends that until such order
is entered the appellants should not be allowed to show the
fact as to what disposition had been made of the assets of
John Heathcote's estate. There is no merit in these excep-
tions. Even if the probate court had made an order as to
the distribution of John Heathcote's estate the appellants
should have been permitted to show by oral testimony the
facts concerning the dealings between George H. Heathcote
and his mother with reference to his father's estate.

(2)     The reasons of appeal of the appellants, upon which the
case was tried before the jury, included as one ground of
appeal the following: "4. That said alleged will was
procured to be made by the said Jane Heathcote, by undue
influence upon her by the said Margaret Barbour, by one
Ann Barbour, by one Frank Barnbrook and others." At
the trial the appellee requested said justice to submit to the
jury for its special finding the following question: "If
Jane Heathcote was unduly influenced in the making of her
will December 7, 1911, by whom was such undue influence
exerted?" This request said justice refused; and to the
refusal the appellee excepted. The statutory provision
under which a question is submitted for the special finding
of a jury is contained in Section 6, Chapter 291, Gen. Laws,
1909, and is as follows: "Sec. 6. In any case the court
may, and upon request of either party shall, direct the jury
to return a special verdict upon any issue submitted to the
jury. Such issues shall be settled by the justice presiding
at the trial, and either party may except to his rulings thereon.
In addition to such special findings on the issues submitted,
the jury shall in each case return a general verdict, and shall
assess such damages, if any, therein as they may deem just."

The question of the influence exerted upon Jane Heathcote by others, which the appellants claimed was improper and induced the execution of said instrument, was one of the chief issues in the case. The appellants in their reasons of appeal had named three persons by whom such alleged improper influence was exerted. The appellants introduced testimony which they claimed warranted the jury in finding that two, at least, if not all of the persons named, separately had attempted to use, and separately had used, improper means to influence the mind of Jane Heathcote in making and executing said instrument. One of the objects sought in requiring a jury to answer a special finding is to enable the parties, upon review of the verdict before the justice presiding in the Superior Court or before this court, properly to present the question as to whether or not the jury's verdict or finding is supported by the evidence. The jury found specially in this case "that Jane Heathcote was unduly influenced when she executed said instrument." For the purpose of attacking that finding upon review we think the appellee should have been permitted to learn by which one or two of the persons named the jury found that Jane Heathcote had been unduly influenced or whether they found that fact as to all. We cannot say, however, in view of the second special finding of the jury that said refusal constituted reversible error; for if the interrogatory had been submitted as requested and answered by the jury and upon review we should conclude that the finding that Jane Heathcote had been unduly influenced was unsupported by the evidence, there would still remain the special finding of testamentary incapacity, which would fully support the general verdict.

We will now consider the appellee's exception to the decision of said justice denying her motion for a new trial. The case has been tried before two juries and each jury has found that said instrument in writing was not the last will and testament of Jane Heathcote. The justice presiding at the first trial set the verdict aside, as failing to do justice between the parties. Upon exception to said decision this court in

accordance with its settled practice, after considering all the evidence, refused to disturb the decision of said justice, on the ground that it did not clearly appear that said justice was in error. We must give the same persuasive force to the decision of the justice presiding at the second trial. Two juries have rendered concurring verdicts and the last verdict has been approved. We have again considered the evidence and are of the opinion that in accordance with our practice we would not be justified in overruling the decision of said justice on the motion for a new trial.

All of the appellee's exceptions are overruled and the case is remitted to the Superior Court for further proceedings upon the verdict.

*Mumford, Huddy and Emerson*, for appellants.

*George H. Huddy, Jr.*, of counsel.

*Frank Barnbrook*, for appellee.